UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FRANK PARKER; WILLIAM BAKER;
GORDON BELL; JAMES MCCABE, III;
EARL BROCKWAY; and PAUL
LYNGARD, as Trustees of the Sheet Metal
Workers' Local 83 Insurance Fund;
ROBERT AMBUHL; CHARLES A.
BROOKS; WILLIAM BOYLAND;
EDGAR NIEMAN, JR.; LAWRENCE R.
HEBBARD; and STEVEN PETERSON,
as Trustees of the Sheet Metal Workers'
Local 83 Annuity Fund; WILLIS
WARBURTON; JOSEPH E. MONAHAN;
THOMAS PLUDE; MARK B. LANDAU;
LARRY WARZEK; and JONATHAN
BARNES, as Trustees of the Sheet Metal
Workers' Local 83 Apprenticeship and
Training Fund; and SHEET METAL
WORKERS' INTERNATIONAL
ASSOCIATION, LOCAL NO. 83,

                    Plaintiffs,

   -against-                                             1:06-CV-0400 (LEK/RFT)

TOUGHER INDUSTRIES, INC; and
STEVEN SHAW,

                    Defendants.
_____

**DECISION and ORDER**

**I.    INTRODUCTION**

On March 29, 2005, Plaintiffs brought suit against Defendants Tougher Industries, Inc. ("Tougher") and Steven Shaw ("Shaw"), the chief executive officer of Tougher, alleging that Defendants failed and refused to make payments under collective bargaining agreements. Dkt. No. 1 ("Complaint"). Plaintiffs, as trustees of the Sheet Metal Workers' Local 83 Insurance, Annuity,

and Apprenticeship and Training Funds (the "Funds"), filed a claim on behalf of the Funds and their participants and beneficiaries. Id. Sheet Metal Workers' International Association, Local 83 (the "Union") is a labor organization representing employees of individuals in an industry affecting commerce, for the purpose of collective bargaining concerning wages, hours, and working conditions, as defined by the Labor Management Relations Act of 1947. Id. Tougher was bound by collective bargaining agreements with Plaintiff. The agreements required Tougher to make payments to the Funds for each hour worked by every employee covered by the agreements and permitted the deduction of a percentage of Union members' wages to be transmitted to the Union. Dkt. No. 39-1. The Union brought action on behalf of its members to enforce the collective bargaining agreements. Compl.

On June 21, 2010, the Court approved a Stipulation of dismissal against Tougher with prejudice and without costs to either party. Dkt. No. 38 ("Stipulation"). Presently before the Court is Plaintiffs' Motion filed under Rule 41(a)(2) of the Federal Rules of Civil Procedure seeking to dismiss Defendant Shaw without prejudice and without costs.[1] Dkt. No. 39 ("Motion"). Defendant Shaw has not responded to a request for stipulation nor to the Motion. See generally Dkt. For the following reasons, the Court grants Plaintiffs' Motion and dismisses the claims against Defendant Shaw without prejudice and without costs.

## II. STANDARD OF REVIEW

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the

---

[1] In the alternative, Plaintiffs seek to dismiss Defendant Shaw with prejudice and without costs. Mot. Because the Court finds that Plaintiffs have adequately shown that dismissal of their claims against Defendant Shaw without prejudice is proper, the Court does not consider Plaintiffs' alternative request.

court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph is without prejudice."

> Two lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper. One line indicates that such a dismissal would be improper if "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Another line indicates that the test for dismissal without prejudice involves consideration of various factors, known as the Zagano factors . . . .

Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006) (internal citations omitted). The Zagano factors include: "plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990). "These factors are not necessarily exhaustive and not one of them, singly or in combination with another, is dispositive." Kwan v. Schlein, 634 F.3d 224, 230 (2d Cir. 2011). The Zagano court stated that a voluntary dismissal without prejudice is not a matter of right; however, in this Circuit courts "presume that a party's motion to dismiss its own claims without prejudice should be granted." Staten Island Terminal, LLC v. Elberg, No. 11-CV-3262, 2012 WL 1887126, at *2 (E.D.N.Y. May 23, 2012) (citing Team Obsolete Ltd. v. A.H.R.M.A. Ltd., 216 F.R.D. 29, 36 (E.D.N.Y. 2003)).

### III. DISCUSSION

The Court concludes that dismissal of Plaintiffs' claims against Defendant Shaw without prejudice is not inappropriate under the first line of authority identified in Camilli. The Court finds that there is no reason to conclude that Defendant Shaw would suffer "plain legal prejudice" if the Court were to grant Plaintiffs' request. Although Defendant Shaw would face the prospect of

further litigation as a result of the dismissal without prejudice, the "mere prospect of a second lawsuit" is insufficient to render such a dismissal improper. Camilli, 436 F.2d at 123. "[T]he presumption in this circuit is that a court should grant dismissal pursuant to Rule 41(a)(2) absent a showing that defendant will suffer substantial prejudice as a result." A.V. by Versace, Inc. v. Gianni Versace S.P.A., 261 F.R.D. 29, 31 (S.D.N.Y. 2009). A defendant may rebut this presumption by identifying how she would be prejudiced if the claims against her were dismissed. Id. Here, Defendant Shaw has failed to oppose Plaintiffs' Motion, so the Court concludes that granting the Motion would not cause Defendant Shaw undue prejudice.

The Court also concludes that dismissal is appropriate under the Zagano factors. First, Plaintiffs were diligent in making this Motion. Though approximately four years elapsed between the filing of the Complaint and the filing of the Motion, Plaintiffs moved to dismiss the action shortly after the Second Circuit handed down a decision that discredited Plaintiffs' argument. Dkt. No. 39-1 at 6. Second, there is no indication that Plaintiffs' claim against Defendant Shaw was frivolous or malicious; thus, Plaintiffs did not act with "undue vexatiousness." Zagano, 900 F.2d at 14. Third, the suit has made minimal progress since it was initiated in 2006, and Defendant Shaw has made no filings aside from his Answer that same year. See generally Dkt. His effort and expense in preparation for trial have, therefore, been minimal. Fourth, given Defendant Shaw's minimal expenses to date and the rule that the prospect of a second trial is not *per se* prejudicial, Kwan, 634 F.3d at 230, the Court finds no reason to conclude that the duplicative expense of relitigation would suffice to deny Plaintiffs' Motion. The fifth Zagano factor is satisfied as well because Plaintiffs seek to dismiss the claim under a Second Circuit decision handed down after Plaintiffs had initiated this action that rejects an argument similar to the one made by Plaintiffs here. Dkt. No. 39-1 at 6.

Therefore, the Court grants Plaintiffs' Motion and dismisses Defendant Shaw without prejudice and without costs.

**IV.     CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiffs' Motion (Dkt. No. 39) to dismiss Defendant Shaw under Rule 41(a)(2) of the Federal Rules of Civil Procedure is **GRANTED**,[2] and it is further

**ORDERED**, that all claims against Defendant Shaw are **DISMISSED** without prejudice; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

DATED:      January 28, 2013
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[2] Plaintiffs additionally requested that the Court confirm the dismissal with prejudice and without costs against Tougher. As this has previously been decided, the Court need not address it here.